UNITED STATES BANKRUPTCY COURT
DISTRICT OF NORTH DAKOTA

Stephen D. McCormick and
Karen McCormick,

Case No. 12-30679

Debtors.

## STARION FINANCIAL'S OBJECTION TO DEBTORS' DISCLOSURE STATEMENT

1. Starion Financial hereby objects to the Debtors' Disclosure Statement. The Disclosure Statement fails to provide adequate information to creditors to make an informed decision regarding the plan of reorganization. Starion Financial joins in the objections of the other creditors.

2. The solicitation of acceptance or rejection of a plan may only be solicited after a written Disclosure Statement containing adequate information has been approved by the court after notice and a hearing. 11 U.S.C. § 1125(b). Adequate information is defined under the code as:

   > [I]nformation of a kind, and in sufficient detail, as far as is reasonably practicable in light of the nature and history of the debtor and the condition of the debtor's books and records, including a discussion of the potential material Federal tax consequences of the plan to the debtor, any successor to the debtor, and a hypothetical investor typical of the holders of claims or interests in the case, that would enable such a hypothetical investor of the relevant class to make an informed judgment about the plan, but adequate information need not include such information about any other possible or proposed plan and in determining whether a disclosure statement provides adequate information, the court shall consider the complexity of the case, the benefit of additional information to creditors and other parties in interest, and the cost of providing additional information. 11 U.S.C. 1125(a)(1).

3. The primary purpose of a Disclosure Statement is to give creditors information necessary to decide whether to accept the plan. In re Dakota Rail, Inc., 104 B.R. 138,

142 (Bankr. D.Minn. 1989)(applying a 19-point non-exhaustive list of the information that should be included in a Disclosure Statement).

4. The Debtors have failed to provide adequate information in order for creditors to decide whether to accept the plan.

5. The Debtors do not have adequate cash flow to fund the plan in the event real estate does not sell. The Debtors have shown annual cash flow in the amount of $876,125.40 with total annual payments of $2,343,925.

6. Section IV(d)(1) of the Disclosure Statement indicates the source of the funds that the Debtors propose they will use to initially fund the plan comes from funds that have been held by the Debtors in escrow from surplus proceeds from property sales that have been approved by this Court. Those proceeds are subject to the judgment liens of Choice Financial, Dakota Community Bank and Trust, Security First Bank of North Dakota, Starion Financial, and BlackRidge Bank. The Debtor indicated in section II(F) that they do not intend to pursue preference actions at this time, although they did reserve the right to bring claims against the above creditors. It is unclear how the Debtors would be able to use the funds without bringing avoidance action. Costs for funding the avoidance actions are not included in the Disclosure Statement and would certainly increase the expenses of the Debtors. Without these funds, the Debtors will not have sufficient funds to initially fund the plan.

7. The Disclosure Statement fails to address how the property will be marketed and who will be marketing the property, other than to state it will be marketed and sold. It fails to provide for any sales projections. The Disclosure Statement states that certain parcels of land will be "developed." However, it fails to specify what specific

improvements will be made to the parcels, how the improvements will benefit the estate, and how much the improvements will cost, and the source of the payment for the improvements.

8. The Disclosure Statement does not disclose how prices will be set for land sales. In this creditor's experience, the Debtors have been unrealistic in the listing prices and in negotiating offers made on property. The Disclosure Statement should state how listing prices will be determined, and set a certain period of time for which properties should listed. Then provide for a method of liquidation whether by voluntarily deed in lieu of foreclosure or permitting an auction of the property to be conducted if the property cannot be sold on the open market.

9. The Disclosure Statement provides that properties will be marketed for sale and sold prior to June 1, 2014. The disclosure does not indicate what happens if the property is sold after the June 1, 2014 date. Will the proceeds be applied to the debt or will the secured creditor be stuck with the semi-annual payments at 4% interest amortized over 25 years?

10. The Disclosure Statement fails to address how surplus proceeds from land sale will be distributed and whether they will be applied to the judgment liens.

11. The Disclosure Statement fails to address the tax implications to the Debtors of the proposed property sales. The Debtors will incur capital gains taxes on these sales. Although their Annual Cash Flow Statement, attached as Exhibit C, to the Disclosure Statement does have a line item for Real Estate Taxes and for Income Taxes, it does not provide any proposed sales figures on which these proposed tax amounts are based.

12. Unsecured creditors are being paid over a period of 10 years, while secured creditors are being paid over a period of 25 years. There is no rational basis for the 4% interest rate or the long term of years over which secured creditors will be paid. The rate is unreasonably low considering the high risk of the borrower and of the volatile nature of the collateral as development land. The term is also unreasonably long for development property.

13. Further, the age of the Debtors is a factor in determining their ability to fund a plan for 25 years. The Debtor lists a salary of $1,000,000, which is more than half of the total income listed on the Annual Cash Flow Statement, Exhibit C, to the Disclosure Statement. The Debtor has not indicated how long he anticipates working and collecting a salary.

14. The Debtors have not disclosed the nature of their compensation as insiders of several of the business entities for which they are receiving compensation as they are required to do for confirmation under 11 U.S.C. 1129(a)(5)(B). The Debtors have failed to include what their sources are for income. The Debtors have also failed to value all of their assets listed in the Disclosure Statement, including Hawktree Inc., HT Holding Co. and LaSalle Capital Group II – A, LP.

15. There is no discussion or analysis of the significant life insurance policies and premiums that the Debtors are paying every month. From their operating reports, it appears that premium payments are being made on six separate policies at General American Life Insurance and John Hancock Life Insurance. The annual cash flow statement, Exhibit C to the Disclosure Statement, indicates payments of $115,000 per

4

year on life insurance. It should be disclosed who the beneficiaries of these policies are, the purpose of the policies i.e., funding a buy-sell agreement, etc.

16. Starion Financial objects to the Misty Waters development land being transferred to the Debtor's individually. The Debtors fail to disclose how this transfer would benefit the estate. Mr. McCormick provided as collateral an Assignment to Rights to Bonus dated September 7, 2011, which assigned his bonus payments from Northern Improvement Company to Starion Financial. The Disclosure Statement fails to include these bonus payments as a source of repayment to Starion Financial.

17. The Disclosure Statement fails to address the absolute priority rule.

18. For the reasons stated herein, Starion Financial respectfully asks this court to not approve the Debtors' Disclosure Statement.

Dated this 14 March 2013.

TURMAN & LANG, LTD.

/s/ Katrina A. Turman Lang
KATRINA A. TURMAN LANG (#06119)
JOSEPH A. TURMAN (#03128)
505 N Broadway, Suite 207
P.O. Box 110
Fargo, ND 58107-0110
(701) 293-5592
Attorneys for Starion Financial

5

| | |
|---|---|
| STATE OF NORTH DAKOTA)<br>) ss.<br>COUNTY OF CASS            ) | AFFIDAVIT OF SERVICE |

JANELLE ALBRECHT, being first duly sworn upon oath, deposes and says that she is of legal age; that on April 23, 2013, she served the attached:

**STARION FINANCIAL'S OBJECTIO TO DEBTORS' DISCLOSURE STATEMENT**

RE:   Stephen & Karen McCormick Bankruptcy
        Case File No. 12-30679
        Our File No.: 8208.4

upon the following person(s):

electronically through court filing system:

- LaRoy Baird - laroybaird@midco.net, assistant.bairdlaw@midconetwork.com

- Daniel C. Beck -  dbec@winthrop.com, tcooke@winthrop.com

- Jon R. Brakke -  jbrakke@vogellaw.com, jnona@vogellaw.com; tsauvageau@vogellaw.com

- James Brand jbrand@fredlaw.com, wmunt@fedlaw.com

- Ross H. Espeseth – respeseth@bmmelaw.com, mwetsch@bmmelaw.com; lrichard@bmmellaw.com

- Yeny C. Estrada – yestrada@edwardswildman.com

- Jonathan R. Fay -  jack@jfaylaw.com

- David J. Fischer – dfischer@edwardswildman.com

- Allen J. Flaten -  allenflaten@northdakotalaw.net

- Michael Gust - mgust@andersonbottrell.com

- Benjamin J. Hasbrouck - bhasbrouck@fredlaw.com, anowak@fredlaw.com

- Steven G. Jones – greg@pakmoring.com

- Lyle Kirmis - lkirmis@zkslaw.com, kcossette@zkslaw.com

- Roger J. Minch - rminch@serklandlaw.com, lladwig@serklandlaw.com

- Douglas Murch dmurch@conmylaw.com, alarson@conmylaw.com

- Richard P. Olson - rpolsonecf@minotlaw.com, rpolson@minotlaw.com

- Robert Raschke – USTPRegion12.SX.ECF@usdog.gov

- Brad A. Sinclair - brad.sinclair@cornerstonebanks.net, carmen.rohr@cornerstonebanks.net

- Caren W. Stanley - cstanley@vogellaw.com, jnona@vogellaw.com; tsauvegeau@vogellaw.com

- Michael M. Thomas - mthomas@conmylaw.com, cgronwold@conmylaw.com

- Joseph A Turman jturman@turmanlaw.com

- Katrina A. Turman Lang katrina@turmanlaw.com

- SarahWencil – saray.j.wencil@usdoj.gov

by electronically filing the above documents through ECF and that ECF will send an e-notice of the electronic filing to the above.

    Thomas Ault
    Point CPA
    P.O. Box 1411
    Bismarck, ND 58502

    Michael Blazek
    Trademark Realty
    905 Tacoma Avenue, Suite #2
    Bismarck, ND 58504

    Dakota Community Bank & Trust NA
    ATTN: Kristi Entzi
    PO Box 609
    Mandan, ND 58554

    John M Koneck
    Fredrikson & Byron, P.A.
    200 South Sixth Street
    Minneapolis, MN 55402-1425

    Kevin Pifer
    Pifer's Auction & Realty
    1506 29th Avenue S
    Moorhead, MN 56560

    Recovery Management Systems Corporation
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131

Matthew Reichert
Aspen Group LLP
3712 Lockport Street, Suite C
Bismarck, ND 58503

State Bank of Bottineau
ATTN: Gerald E. Long
PO Box 327
Bottineau, ND 58318-0327

And by depositing the same with postage prepaid in the United States Mail at Fargo, North Dakota.

                                                  /s/ Janelle Albrecht
                                                JANELLE ALBRECHT

Subscribed and sworn to before me on April 23, 2013.

                                                Linda J. Collins
                                                NOTARY PUBLIC
(S E A L)                                       My Commission Expires: 1/5/15